**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HYO C. LEE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04 C 6779** |
| **v.** | ) | |
| | ) | **HONORABLE DAVID H. COAR** |
| **GAS TECHNOLOGY INSTITUTE** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hyo C. Lee brought this action against Defendant Gas Technology Institute

("GTI") for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 626

("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and

42 U.S.C. § 1981 ("section 1981"). Before this court is Defendant's Rule 12(b)(6) Motion to

Dismiss.

**I.      BACKGROUND**

On October 22, 2003, plaintiff filed a charge of employment discrimination with the

Equal Employment Opportunity Commission, which was automatically cross-filed with the

Illinois Department of Human Rights, alleging that GTI discriminated against him based on his

age. On July 29, 2004, the EEOC issued a right to sue letter to plaintiff. Plaintiff filed this

complaint on October 20, 2004, alleging that Defendant discriminated and retaliated against him

on the basis of his age and national origin. Defendant contends that plaintiff's complaint must be

dismissed for failure to state a claim because it adds claims that were not raised in his EEOC

charge of discrimination (namely, national origin discrimination and retaliation), and raises additional alleged discriminatory acts that were not included in the EEOC charge.

## II.     LEGAL STANDARD

The purpose of a motion to dismiss is to test the sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41 (1957). On a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations in the complaint and will draw all reasonable inferences in plaintiff's favor. *Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

## III.    ANALYSIS

### A.      Timeliness of EEOC or Discrimination Complaint

Before bringing an ADEA or Title VII complaint, an employee must first file a charge of discrimination with the EEOC within three hundred days of the alleged "unlawful employment practice." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). In this lawsuit, Lee filed his EEOC charge on October 22, 2003. Thus, any alleged discriminatory acts that occurred before December 26, 2002 (300 days prior to his EEOC charge of discrimination) are time barred.

GTI asserts that Lee's allegation of age discrimination is time-barred because his complaint included new facts (e.g., facts that were not included in his EEOC charge of discrimination) about alleged discriminatory acts that occurred outside the three-hundred day statute of limitations for EEOC charges. Lee admits that the facts in his complaint relating to "Job Interview" and "GTI Hiring" are time-barred. This Court finds that these facts must be

barred and will therefore disregard them for the purposes of deciding Defendant's motion to dismiss. However, Lee was terminated by GTI on October 3, 2003, and filed his EEOC charge on October 22, 2003, well within the three-hundred day time limit. Therefore, Lee's age discrimination claim is not time-barred.

### B.    Scope of EEOC Complaint

As a general rule, a plaintiff may only raise claims in his judicial complaint that were previously included in the EEOC charge of discrimination. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves to put the employer on notice of the alleged discrimination and to give the EEOC and the employer an opportunity to settle the dispute. *Id.* EEOC charges of discrimination are frequently completed by laypersons, often without the assistance of an attorney. For that reason, a plaintiff sometimes may include in his judicial complaint charges that he did not assert in his original EEOC charge. A two-part test is used to determine whether a plaintiff may bring a claim that is not identified in the EEOC charge. The charge must be 1) "like or reasonably related to the allegations of the charge"; and 2) "growing out of such allegations." *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 781 (7th Cir. 1996). Both elements of the test must be met in order to permit a plaintiff to bring a claim that was not included in the original charge. A claim is "alike or reasonably related" if "there is a factual relationship between them," meaning that "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)).

GTI contends that Lee's allegations of national origin discrimination and retaliation are barred because they were not included in his EEOC charge. Lee, however, asserts that he raised

national origin discrimination and retaliation in his initial conversation with EEOC staff members on October 22, 2003, when he went to file his charge of discrimination. According to Lee, an EEOC staff person told him that EEOC staff list only the "major" type of alleged discrimination on a charge of discrimination. Further, Lee alleges that he submitted additional written documentation regarding his discrimination charge to the EEOC between the date of his charge of discrimination and the date on which he received his right to sue letter. This documentation, which Lee attached as Exhibits A and B to his Response to Defendant's Motion to Dismiss, appears to attempt to provide supplemental allegations of discrimination on the basis of age and national origin and retaliation. (*See* Pl.'s Resp. Br. Exs. A and B.) Finally, Lee states that he spoke with "an EEOC supervisor" about "the same issues," which this Court interprets in this context to mean the fact that Lee's Charge of Discrimination lists only discrimination on the basis of age. Lee alleges that the EEOC supervisor said Lee could either request to reopen his EEOC case or "attest[] at Federal Court for further scrutinizes." (Pl.'s Resp. Br. at 2.) This Court interprets the latter option to mean that Lee was told he could seek to raise national origin discrimination and retaliation in his federal court complaint. This is a mischaracterization of the law.

After examining Lee's complaint, including his factual allegations supporting his claims and his EEOC charge of discrimination, this Court determines that Lee's claim of national origin discrimination is outside the scope of his EEOC charge of discrimination.. Lee's EEOC charge references only discrimination on the basis of age. It is true that courts may generously interpret such charges of discrimination, particularly when a pro se plaintiff is involved. But Lee fails to mention national origin discrimination, or facts that would support such a claim, anywhere in

Item 13 of his complaint. (Pl.'s Compl. Ex. A ("The facts supporting the plaintiff's claim of discrimination are as follows").) Discrimination on the basis of national origin, in this situation, is neither reasonably related to nor grows out of Lee's allegations of age discrimination. Defendant's motion to dismiss is granted as to Lee's national original discrimination claim.

With regard to Lee's age discrimination and retaliation claims, however, this Court finds that Plaintiff has stated sufficient facts to support his claims. Lee's charge of discrimination explicitly references age discrimination. His complaint includes a list of facts that support his claim; in this list, Lee again discusses age discrimination and mentions retaliation. Lee's retaliation claim satisfies the two-part *McKenzie* test because it is "reasonably related" to his age discrimination allegation and "grows out of" those allegations. This Court need not determine whether Lee can succeed on the merits of these claims at this time, simply that he has provided sufficiently well-pleaded facts to state a claim. Defendant's motion to dismiss is denied as to Lee's ADEA and retaliation claims.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is denied as to Plaintiff's age discrimination and retaliation claims and granted as to Plaintiff's national origin discrimination claim.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **June 9, 2005**